EXHIBIT "A"

## SUMMONS

Attorney(s) Conrad J. Benedetto, Esquire
Office Address 1814 East Route 70, Ste. 350
Town, State, Zip Code Cherry Hill, NJ 08003

Telephone Number (856) 983-7033
Attorney(s) for Plaintiff Jason D. Dare

**Superior Court of New Jersey**

ATLANTIC COUNTY
Law DIVISION
Docket No: L-751-13

Plaintiff(s)

Vs.

Township of Hamilton, et als.

Defendant(s)

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

                                                                Clerk of the Superior Court

DATED: 2\24\13

Name of Defendant to Be Served: Police Chief Stacy Tappeiner
Address of Defendant to Be Served: 6101 Thirteenth Street, Mays Landing, NJ 08330

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

ATLANTIC COUNTY COURT HOUSE
SUPERIOR COURT LAW DIV
1201 BACHARACH BLVD
ATLANTIC CITY   NJ 08401

COURT TELEPHONE NO. (609) 345-6700
COURT HOURS

TRACK ASSIGNMENT NOTICE

DATE:    FEBRUARY 19, 2013
RE:      DARE JASON D VS TOWNSHIP OF HAMILTON
DOCKET:  ATL L -000751 13

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 3.

DISCOVERY IS  450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON JOSEPH E. KANE

AC:  (609) 594-3375.
IF YOU HAVE ANY QUESTIONS, CONTACT TEAM  002

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

ATTENTION:
         ATT: CONRAD J. BENEDETTO
         CONRAD J. BENEDETTO
         SUITE 350
         1814 EAST ROUTE 70
         CHERRY HILL       NJ 08003

JUSRO

THE LAW OFFICES OF CONRAD J. BENEDETTO
By: Conrad J. Benedetto, Esq.
JoAnn Veltrup Diaz, Esquire
1814 East Route 70, Suite 350
Cherry Hill, New Jersey 08003
Telephone: 856) 983-7033
Facsimile: 609-522-5322
Attorneys for Plaintiff, Jason D. Dare

RECEIVED and
FILED

FEB 1 3 2013

ATLANTIC COUNTY
LAW DIVISION

| | |
|---|---|
| JASON D. DARE,<br>Plaintiff<br><br>vs.<br><br>TOWNSHIP OF HAMILTON,<br>POLICE CHIEF STACY TAPPEINER,<br>SERGEANT CHRISTOPHER GEHRING<br>CAPTAIN MICHAEL PETUSKEY,<br>PATROL OFFICER JAMES A.<br>ESPOSITO, and JOHN/JANE DOES<br>(1-10),<br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>ATLANTIC COUNTY - LAW DIV.<br><br>DOCKET NO.:  L-751-13 |

## COMPLAINT

Plaintiff, **Jason D. Dare**, (hereinafter "Plaintiff" or "Trooper Dare") brings this action against the Defendants, **Township of Hamilton** (hereinafter "HT"), **Hamilton Township Police Chief Stacy Tappeiner** (hereinafter "Chief Tappeiner"), **Hamilton Township Police Sergeant Christopher Gehring** (hereinafter "Sgt Gehring"), **Hamilton Township Patrol Officer James A. Esposito** (hereinafter "PO Esposito") (collectively hereinafter "Defendants") following the intentional, malicious and deliberate violation of Plaintiff's Civil Rights and in retaliation of Plaintiff's brother, Nicholas J. Dare's

complaints and allegations of retaliation, harassment and discrimination against his employer, Defendants Township of Hamilton.

Defendants' actions against Plaintiff are in violation of the United States Civil Rights Act, 42 U.S.C. §§ 1983,(Deprivation of Rights), 1985 (Conspiracy) and 1986 (Neglect to Prevent Conspiracy)(hereinafter "USCRA"); and the New Jersey Civil Rights Act, N.J.S.A. 10:6-2 (hereinafter "NJCRA"), based on violations of the Fourth, Fifth and Fourteenth Amendment rights and State Constitution.

**PARTIES**

1. Plaintiff, Jason D. Dare ("Plaintiff"), is an individual and citizen of the State of New Jersey and currently resides at 2641 Perna Lane, Vineland, New Jersey.

2. Plaintiff is currently and for all relevant times, a Trooper II of the State of New Jersey Police Department.

3. Plaintiff, Jason D. Dare, is the brother of Patrol Officer Nicholas J. Dare, Sr., a former Patrol Officer of the Township of Hamilton Police Department ("HTPD"), who is a named party in litigation against Defendant Township of Hamilton relative to harassment, discrimination and retaliation against Nicholas J. Dare, Sr. in connection with his employment.

4. Defendant, Township of Hamilton ("HT") is a municipal entity with offices located at 6101 Thirteenth Street, Mays Landing, New Jersey 08330.

5. Defendant, Stacy Tappeiner ("Chief Tappeiner") is the Township of Hamilton Chief of Police with offices located at 6101 Thirteenth Street, Mays Landing, New Jersey 08330.

6. Defendant, Christopher Gehring ("Sgt Gehring") is a Township of Hamilton Police Sergeant with offices located at 6101 Thirteenth Street, Mays Landing, New Jersey 08330.

7. Defendant, Captain Michael Petuskey ("Capt. Petuskey") is a member of the Township of Hamilton Police Department with offices located at 6101 Thirteenth Street, Mays Landing, New Jersey 08330.

8. Defendant, James A. Esposito ("PO Esposito") is a Township of Hamilton Police Officer with offices located at 6101 Thirteenth Street, Mays Landing, New Jersey 08330.

9. At all times material hereto, Defendants acted through its employees of the Hamilton Township Police Department, including the above named, within the scope and course of their employment and by color of State law and pursuant to an official custom, policy and/or practice.

## FACTUAL ALLEGATIONS

10. On or about December 16, 2011, Plaintiff was involved in an accident involving a Deer and Plaintiff's avoidance of colliding with the Deer, on Route 40 in Hamilton Township.

11. By avoiding the Deer, Plaintiff's vehicle made contact with bushes and Plaintiff struck his head and was injured.

12. Defendant, HTPD PO Esposito initially responded to the scene of the accident and was advised by Plaintiff that Plaintiff's head was hurting as he had struck his head while avoiding the deer.

13. Defendant, HTPD PO Esposito placed Plaintiff into the back seat of his police car to transfer him to his home or the hospital and made a call on the police radio to the Hamilton Township Police Department advising that Plaintiff, Trooper Dare, had been involved in an accident.

14. Shortly after PO Esposito radioed into the Hamilton Township Police Department, Defendant, HTPD Sgt Christopher Gehring, along with HTPD Officer Trenton Lee, and HTPD Officer L. Randolph appeared on the scene of the accident.

15. HTPD Officer Rudolph upon his arrival observed Plaintiff seated in the back seat of Defendant PO Esposito's police vehicle.

16. Defendant PO Esposito advised PO Rudolph that it was "Nick's brother", referring to HTPD Police Officer Nicholas J. Dare.

17. Upon arrival, Sgt Gehring promptly spoke with PO Esposito and instead of transporting Plaintiff home or to the hospital as Officer Esposito had indicated, Sgt Gehring ordered Plaintiff out of the police vehicle and instructed Field Sobriety Tests to be conducted.

18. As instructed by Defendant Sgt Gehring, HTPD Officer Trenton Lee proceeded to conduct Field Sobriety tests on Plaintiff Trooper Dare.

19. Defendant Sgt Gehring then ordered that Plaintiff be arrested and Plaintiff Trooper Dare was hand-cuffed and returned to the back seat of Defendant PO Esposito's patrol car.

20. Despite the fact that Plaintiff Trooper Dare had complained that he hit his head and it was hurting from the motor vehicle accident, Defendants then arrested Plaintiff for suspected Driving While Intoxicated (DWI) (39:4-50) and took Plaintiff to the Police Department for processing.

21. When Plaintiff repeatedly told Sgt Gehring that he hurt his head in the accident and he could not understand what was being said to him at the Police Station, Sgt Gehring charged Plaintiff was Refusal to Submit to Chemical Breath Testing (39:4-50.4).

22. Defendant Hamilton Township Police Captain Michael Petuskey then contacted Municipal Court Judge H. Robert Switzler by telephone and requested permission to forcibly take blood from Plaintiff Trooper Dare at the hospital if he should not consent.

Judge Switzler denied HTPD Captain Petuskey's request to forcibly take a blood sample of Plaintiff.

23. Despite having no witnesses to Plaintiff's driving prior to the accident with the deer, Defendant also charged Plaintiff with Careless Driving (39.4-97).

24. Defendants then transported Plaintiff to the hospital for injuries to his head sustained in the motor vehicle accident.

25. As a result of the actions of Defendants and charges against Plaintiff, Plaintiff's employer, State of New Jersey Colonel/Superintendent Joseph Fuentes immediately suspended Plaintiff's employment as a State Trooper II, without pay and allowances.

26. As a result of the actions of Defendants, Plaintiff Trooper Dare's employer, State of New Jersey, Colonel/Superintendent Joseph Fuentes issued Internal Investigation/Administrative Charges against Plaintiff.

27. After months of repeated requests for discovery, a Trial was held in Municipal Court before Honorable H. Robert Switzler on July 10, 2012, in the matter of *State of New Jersey v. Jason D. Dare*, relating to the HTPD Charges brought by Defendants of DWI, Refusal and Careless Driving relating to the accident on 12/16/2011.

28. At the conclusion of the trial, Judge Switzler found Plaintiff Trooper Dare NOT GUILTY of the charge of Driving While Intoxicated (39:4-50).

29. At the conclusion of the trial, Judge Switzler found Plaintiff Trooper Dare NOT GUILTY of the Charge of Refusal to Submit to Chemical Breath Testing (39:4-50.4).

30. At the conclusion of the trial, Judge Switzler found Plaintiff Trooper Dare NOT GUILTY of the Charge of Careless Driving (39:4-97).

31. Notwithstanding the fact that Plaintiff was found NOT GUILTY of all charges against him, Plaintiff continues to suffer from injuries and damages resulting from the intentional actions of Defendants in violation of his Civil Rights.

32. As a result of Plaintiff's familial relationship to HTPD Patrol Officer Nicholas J. Dare and the pending employment discrimination, harassment and retaliation claims between Officer Nicholas Dare and Defendants, Plaintiff Trooper Dare was targeted and retaliated against by the Defendants, including on December 16, 2011, resulting in the deprivation of Plaintiff's civil rights as afforded by the New Jersey Constitution and the United States Constitution.

33. As a result of Plaintiff's familial relationship to HTPD Patrol Officer Nicholas J. Dare and the pending employment discrimination, harassment and retaliation claims between

Mar 06 2013 14:43 Twp. of Hamilt. Police 16096251134 page 11

Case 1:13-cv-01636-JBS-JS Document 1-1 Filed 03/18/13 Page 11 of 13 PageID: 16

Officer Nicholas Dare and Defendants, Defendants conspired to deprive Plaintiff Trooper Dare of his civil rights.

34. By their actions, Defendants neglected to prevent the conspiracy to deprive Plaintiff and the violations of the civil rights of Plaintiff.

3. As a direct and proximate result of the violation of his rights by Defendants, Plaintiff Trooper Dare has in the past incurred, and may in the future incur, a deprivation of his civil rights, economic damages, pain and suffering, embarrassment, humiliation and damage to his reputation, the full extent of which is not known at this time.

36. The conduct of Defendants, as set forth above, was and is willful and outrageous under the circumstances and warrants the imposition of punitive damages against Defendants.

## COUNT I

### DEFENDANT'S VIOLATIONS OF THE UNITED STATES AND NEW JERSEY CIVIL RIGHTS ACTS

37. Plaintiff incorporates herein by reference paragraphs 1 through 36 above, as though set forth in their entirety.

38. By committing the foregoing acts against Plaintiff, Defendants have violated the New Jersey Civil Rights Act.

39. By committing the above actions, Defendants have violated the United States Civil Rights Act as well as the 4th, 5th and 14th Amendments to the U.S. Constitution.

40. There was participation by upper management of the Township of Hamilton Police Department, under color of State law, in connection with the deprivation of the rights of Plaintiff, that evidences the customs, patterns, practices, and procedures of Defendants to retaliate and violate the civil rights of Plaintiff.

41. Said violations were intentional and willful and warrant the imposition of punitive damages.

42. As a direct and proximate result of Defendant's violations of the laws, Plaintiff has sustained injuries, damages and losses and has incurred attorney fees and costs.

43. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's unlawful acts unless and until the Court grants the relief requested herein.

**RELIEF**

WHEREFORE, Plaintiff, Jason D. Dare, respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants:

h. awarding Plaintiff such other damages as are appropriate under the law; and

i. granting such other and further relief as this Court deems appropriate.

### DESIGNATION OF TRIAL COUNSEL

Conrad J. Benedetto, Esquire of the Law Offices of Conrad J. Benedetto is hereby designated as trial counsel on behalf of the plaintiff herein pursuant to R4:25-4.

### DEMAND FOR JURY TRIAL

Plaintiff Jason D. Dare hereby demands a trial by jury on all issues.

### CERTIFICATION

I certify that I am not aware of this matter being the subject of any other pending Superior Court action and I know of no other parties to be joined at this time.

LAW OFFICE OF CONRAD J. BENEDETTO

BY: _____
Conrad J. Benedetto
JoAnn Veltrup Diaz
Attorneys for Plaintiff
Jason D. Dare

Dated: