A. Michael Barker, Esquire
Barker, Scott, Gelfand & James
A PROFESSIONAL CORPORATION
Linwood Greene – Suite 12
210 New Road
Linwood, New Jersey 08221
(609) 601-8677
AMBarker@BarkerLawFirm.net
Our File Number: 47620-133
Attorney for Defendants, Township of Hamilton, Police Chief Stacy Tappeiner, Sergeant Christopher Gehring, Captain Michael Petuskey, Patrol Officer James A. Esposito, jointly, severally and in the alternative

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY - CAMDEN**

| | |
|---|---|
| JASON D. DARE,<br><br>     Plaintiff,<br><br>v.<br><br>TOWNSHIP OF HAMILTON, POLICE CHIEF STACY TAPPEINER, SERGEANT CHRISTOPHER GEHRING, CAPTAIN MICHAEL PETUSKEY, PATROL OFFICER JAMES A. ESPOSITO, AND JOHN/JANE DOES (1-10-),<br><br>     Defendants. | Civil Action<br>Number 13-cv-01636 (JBS/JS)<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT with**<br><br>• SEPARATE AND AFFIRMATIVE DEFENSES PLED JOINTLY, SEVERALLY AND IN THE ALTERNATIVE,<br>• RESERVATION OF RIGHTS,<br>• COUNTERCLAIM,<br>• DEMAND FOR SPECIFICITY OF DAMAGES CLAIMED<br>• NOTICE OF DESIGNATION OF TRIAL COUNSEL<br>• JURY DEMAND<br>• LOCAL RULE 11.2 CERTIFICATION, |

NOW, COME THE Defendants, Township of Hamilton, Police Chief Stacy Tappeiner, Sergeant Christopher Gehring, Captain Michael Petuskey, and Patrol Officer James A. Esposito, jointly, severally and in the alternative, and by way of Answer to the Plaintiff's Complaint state the following.

The preliminary paragraphs of the Plaintiff's Complaint are denied.

## PARTIES

1. Admitted.

2. Admitted.

3. Admitted that Nicholas J. Dare was a Patrol Officer of the Township of Hamilton Township Police Department and the brother of Jason D. Dare and otherwise denied and Plaintiff is put to proof.

4-8 Admitted.

9. Denied.

## FACTUAL ALLEGATIONS

10. Denied.

11. Denied.

12. Admitted that Patrol Officer Esposito initially responded to the scene and otherwise denied and Plaintiff is put to proof.

13. Denied.

14. Admitted that Patrol Officer Esposito radioed in to the Hamilton Township Police Department and otherwise denied and Plaintiff is put to proof.

15. Denied.

16. Denied.

17. Sergeant Gehring instructed field sobriety test to be conducted and otherwise denied and Plaintiff is put to proof.

18. Admitted.

19. Admitted that Dare was handcuffed and returned to the back seat of Patrol Officer Esposito's patrol car and otherwise denied and Plaintiff is put to proof.

20. Denied.

21. Denied.

22. Admitted that Hamilton Township Police Captain Michael Petuskey contacted Municipal Court Judge Switzer and otherwise denied and Plaintiff is put to proof.

23. Admitted that Plaintiff was charged with careless driving and otherwise denied and Plaintiff is put to proof.

24. Admitted that Plaintiff was transported to the hospital and otherwise denied and Plaintiff is put to proof.

25. Admitted that Plaintiff's employment as a State Trooper was suspended and otherwise denied and Plaintiff is put to proof.

26. Admitted that Plaintiff's employer issued internal investigation/administrative charges against Plaintiff and otherwise denied and Plaintiff is put to proof.

27. Admitted that a trial was held in Municipal Court before Judge Switzer in the matter of *State of New Jersey v. Jason D. Dare* and otherwise denied and Plaintiff is put to proof.

28. Admitted.

29. Admitted.

30. Admitted.

31-35. Denied.

## COUNT I

### DEFENDANTS' VIOLATIONS OF THE UNITED STATES AND NEW JERSEY CIVIL RIGHTS ACT

37. The answering Defendants, jointly, severally and in the alternative, incorporate herein by reference each and every answer to each of the preceding paragraphs of the Complaint.

38-43. Denied.

WHEREFORE, the answering Defendants, jointly, severally and in the alternative, demand judgment dismissing the Complaint and for such other relief as the Court deems to be just and equitable.

## SEPARATE and AFFIRMATIVE DEFENSES
### PLED JOINTLY, SEVERALLY, AND IN THE ALTERNATIVE ON BEHALF OF DEFENDANTS
### THE TOWNSHIP OF HAMILTON
### POLICE CHIEF STACY TAPPEINER
### SERGEANT CHRISTOPHER GEHRING
### CAPTAIN MICHAEL PETUSKEY
### PATROL OFFICER JAMES A. ESPOSITO

1. The claims of the Plaintiff, jointly, severally and in the alternative, are barred by the Statute of Limitations.

2. Any injuries or damages sustained by the Plaintiff are the result of the act and/or acts of the Plaintiff.

3. The answering Defendants did not breach any duty which may have been owed to Plaintiff.

4. The Plaintiff's Complaint fails to set forth a cause of action; and, the answering Defendants reserve the right to move to dismiss the Plaintiff's Complaint on that ground.

5. This action is barred by reason of the Statutory Immunity of the

answering Defendants; and, the answering Defendants reserve the right to move to dismiss the Plaintiff's Complaint on that ground.

6. The Plaintiff's Complaint is barred by the provisions of the New Jersey Tort Claims Act. [NJSA 59:1-1, *et. seq.*]

7. The answering Defendants are immune from liability pursuant to the provisions of NJSA 59:2-1, *et. seq.*

8. The answering Defendants assert the applicability of the provisions of NJSA 59:2-1, and NJSA 59:2-2, as to the immunities available to the public entity and/or public employee.

9. The answering Defendants are not liable to the Plaintiff in that there is no liability upon any public employees pursuant to the provisions of NJSA 59:2-2(b).

10. The answering Defendants are immune from liability pursuant to the provision of NJSA 59:3-1, *et. seq.*

11. The answering Defendants assert the applicability of the provisions of NJSA 59:2-3 through NJSA 59:3-2 as to the absence of liability from the exercise of judgment or discretion.

12. The answering Defendants assert the applicability of the provision

of NJSA 59:8-3 through NJSA 59:8-7 regarding failure to provide adequate and timely notice of claim.

13. The answering Defendants assert the applicability of the provision of NJSA 59:8-8 through NJSA 59:8-11 regarding failure to timely file a notice of claim and/or failure to file a notice of claim as set forth therein.

14. Any recovery to which the Plaintiff might otherwise be entitled is subject to reduction in accordance with the judgments, damages and interest provided in NJSA 59:9-2.

15. The answering Defendants assert the applicability of NJSA 59:9-3 and NJSA 59:9-4 regarding joint tortfeasors and the comparative negligence of the Plaintiff.

16. The answering Defendants, by pressing the aforementioned defenses, do not intend to limit their defenses and/or rights under the New Jersey Tort Claims Act, and hereby affirmatively plead the procedural and substantive provisions of the New Jersey Tort Claims Act [NJSA 59:1-1, *et. seq.*] which provisions are applicable and have not been previously cited in this Answer.

17. The claims of the Plaintiff are barred or limited by reason of the New

Jersey Joint and Several Liability Act [NJSA 2A:15-1, *et. seq.*] and/or the New Jersey Comparative Negligence Act [NJSA 2A:53A-1, *et. seq.*].

18. The claims of the Plaintiff are barred or limited by reason of the New Jersey Collateral Source Rule [NJSA 2A:15-97] or as provided by the New Jersey Tort Claim Act.

19. The answering Defendants did not act with malice but did act in good faith; therefore, the Plaintiff is not entitled to damages.

20. The answering Defendants assert that the actions taken by them were subject to immunity or partial immunity or authorized by law.

21. The answering individual Defendants assert that the actions taken by them were subject to *qualified immunity*.

22. The answering Defendants assert that the Plaintiff has failed to plead any constitutional violations with such specificity as to state a cognizable claim under 42 USC §1983.

23. The answering Defendants assert that the Plaintiff is unable to establish improper supervision by inaction in the face of persistent, widespread practices so common and well settled as to be imputable to the

answering Defendants, constituting a blatant and routine disregard or a deliberate indifference to the rights of Plaintiff.

24. The answering Defendants assert that appropriate training and disciplinary procedures were in place and utilized as necessary to assure protection of the rights of citizens involved.

25. The answering Defendants assert that the Plaintiff is unable to show any municipal policy or procedure which was so inadequate as to amount to a deliberate indifference to Plaintiff's constitutional rights.

26. The answering Defendants assert that the Plaintiff is unable to establish a policy and/or custom of the Township of Hamilton which deprived citizens of constitutional rights actionable under 42 USC §1983.

27. Any damage alleged to have been suffered by the Plaintiff is not causally related to any act or omission alleged to be chargeable to the answering Defendants, jointly, severally and in the alternative.

28. The claims of the Plaintiff, jointly, severally and in the alternative, are barred by reason of the Doctrine of Estoppel.

29. The claims of the Plaintiff, jointly, severally and in the alternative, are barred by reason of the Doctrine of Judicial Estoppel.

30. The claims of the Plaintiff, jointly, severally and in the alternative, are barred by the principal of comity.

31. The claims of the Plaintiff, jointly, severally and in the alternative, are barred by reason of the Doctrine of Unclean Hands.

32. The answering Defendants reserve the right to amend this Answer to assert additional affirmative defenses as revealed or suggested by the completion of on-going investigation and discovery.

## **RESERVATION OF RIGHTS**

The Defendants, Township of Hamilton, Police Chief Stacy Tappeiner, Sergeant Christopher Gehring, Captain Michael Petuskey, and Patrol Officer James A. Esposit, jointly, severally and in the alternative, reserve the right, at or before trial, to move to dismiss the Plaintiff's Complaint and/or for summary judgment, on the grounds that the Complaint fails to state a claim upon which relief can be granted and/or that the Defendants are entitled to judgment as a matter of law, of the defenses set forth above.

Page 10
Answer to Plaintiff's Complaint with Separate and Affirmative Defenses Reservation of Rights, Local Rule 11.2 Certification, Counterclaim, Demand for Specificity of Damages Claimed, Notice of Designation of Trial Counsel and Jury Demand
BARKER, SCOTT, GELFAND & JAMES · A PROFESSIONAL CORPORATION · LINWOOD, NEW JERSEY 08221

## COUNTERCLAIM FOR ATTORNEYS' FEES ON BEHALF OF THE ANSWERING DEFENDNATS, JOINTLY, SEVERLALY AND IN THE ALTERNATIVE

1.     The allegations contained in the Plaintiff's Complaint are frivolous, groundless, and without merit as to the answering Defendants, Township of Hamilton, Police Chief Stacy Tappeiner, Sergeant Christopher Gehring, Captain Michael Petuskey, and Patrol Officer James A. Esposito, jointly, severally and in the alternative.

2.     42 USC §1988 provides for the allowance of reasonable attorneys' fees to the prevailing party in an action or proceeding arising out of an alleged violation of §§1981, 1982, 1983, 1985, and 1986 of Title 42 of the United States Code.

WHEREFORE, the Defendant-Counterclaimants, Township of Hamilton, Police Chief Stacy Tappeiner, Sergeant Christopher Gehring, Captain Michael Petuskey, and Patrol Officer James A. Esposito, jointly, severally and in the alternative, demand judgment dismissing the Plaintiff's Complaint, and for such further relief as the Court deems to be just and equitable, including an award of counsel fees.

## DEMAND FOR SPECIFICITY OF DAMAGES

The Defendants, Township of Hamilton, Police Chief Stacy Tappeiner, Sergeant Christopher Gehring, Captain Michael Petuskey, and Patrol Officer James A. Esposito, jointly, severally and in the alternative, demand that the Plaintiff furnish a written statement specifying the amount of damage claimed in the above-entitled action.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

On behalf of the Defendants, Township of Hamilton, Police Chief Stacy Tappeiner, Sergeant Christopher Gehring, Captain Michael Petuskey, and Patrol Officer James A. Esposito, jointly, severally and in the alternative, A. Michael Barker, Esquire of the Law Offices of Barker, Scott, Gelfand & James, is hereby designated as trial counsel.

## JURY DEMAND

The Defendants, Township of Hamilton, Police Chief Stacy Tappeiner, Sergeant Christopher Gehring, Captain Michael Petuskey, and Patrol Officer James A. Esposito, jointly, severally and in the alternative, demand a trial by jury.

## LOCAL RULE 11.2 CERTIFICATION

A. Michael Barker, Esquire, of the Law Firm of Barker, Scott Gelfand & James, hereby certifies that the within matter in controversy is not the subject of any other action pending in any court, or of a pending arbitration or administrative proceeding and, to the best of counsel's knowledge, there is no other party who should be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

> BARKER, SCOTT, GELFAND & JAMES
> a Professional Corporation
>
> By: _A. Michael Barker_
> A. Michael Barker, Esquire

Dated:  March 22, 2013